WILLIAM J. FRAZIER, PLAINTIFF-RESPONDENT, v. PUB-
LIC SERVICE RAILWAY COMPANY, DEFENDANT-AP-
PELLANT.

Submitted March 22, 1923—Decided June 21, 1923.

**Negligence—Common Carriers to Use High Degree of Care to Protect Passengers from Injury—Passenger Injured While Ejecting Disorderly Person at Request of Conductor.**

On appeal from the Camden County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *Leonard J. Tynan.*

For the respondent, *D. Trueman Stackhouse* and *Charles W. Letzgus.*

PER CURIAM.

The plaintiff was a passenger on a car of the defendant company running from Trenton to Camden. His evidence tended to show that a colored passenger, who was making himself obnoxious by his actions and talk, was told by the conductor that if he did not stop his objectionable conduct he would be ejected; that, refusing to stop, the conductor called upon plaintiff to aid him in ejecting the negro, and that while he was doing this the negro stabbed him, and that the conductor, after the negro drew a knife, abandoned any effort to assist the plaintiff.

The case has been twice tried. See 116 *Atl. Rep.* 769. The first trial resulted in a nonsuit. We set it aside upon the ground that the conductor, as the agent of the defendant company, was bound to use a high degree of care to protect the plaintiff from violence, whether actual or reasonably anticipated, and even though he was engaged in ejecting a

disorderly passenger at the conductor's request; and that the evidence tended to show that the conductor had failed in that duty. The second trial resulted in a verdict for the plaintiff and this appeal is from the consequent judgment.

The first ground of appeal is that the court erroneously instructed the jury with relation to the obligation of a common carrier to use a high degree of care for the protection of its passengers. The argument is that the instruction made the company liable without any regard to whether or not there was another, independent, intervening agency which produced the injury. The answer to this is that if the charge as originally delivered was subject to this criticism, and if that alleged infirmity was fairly pointed out, it was remedied by the trial court when the jury was recalled. The correct legal principle seems then to have been laid down and no objection or exception was taken thereto.

The next point is that the trial court erroneously charged the jury as follows: "If the plaintiff acted at the request of the conductor, and undertook single-handed to eject the offending passenger from the car, he was still entitled to be protected against violence occasioned by an act of the fellow-passenger, even though the conductor did not assist the plaintiff in ejecting the offending passenger." The criticism upon this instruction is that there was no evidence to show that the plaintiff undertook single-handed to eject the offender, but that he was merely assisting the conductor. But this is not strictly so, for the proofs justified the conclusion that, although the conductor may have undertaken, with the assistance of the plaintiff, to eject the offender, yet he abandoned that intention when the offender drew the knife, and allowed the plaintiff from that time on to carry out the removal of the offender single-handed.

The last ground of appeal is that the court erroneously charged the jury as follows: "Now, if the plaintiff is entitled to recover, if you are satisfied that the carrier in this case did not use the high degree of care that is imposed upon it by the law, of course, you will find a verdict for the plaintiff." The criticism upon this instruction is practically the same as was

Supreme Court—Frazier v. Public Service Railway Co.

made upon that which is the subject of this first ground of appeal, and the answer is the same, namely, that the court instructed the jury, and properly instructed them, with relation to the obligation of the carrier to protect its passengers against the injury.

The judgment will be affirmed, with costs.